# Scull *versus* Mason & Co.

*What Interest will disqualify Witness.— Waiver of Notice of Protest, effect of.*

1. Unless a witness has a direct, certain, and immediate interest in the result of a suit, he is competent. A mere possibility of being sued by the plaintiff in respect to the cause of action for which he sues, will not disqualify.

2. Hence, one of a firm to whom a note payable at a banking-house had been endorsed for collection, is a competent witness to prove demand of payment at the maturity of the note, though demand and protest was not regularly made by a notary until the next day.

3. Where the endorser, on the day the note came due, endorsed thereon a written waiver of "notice of protest for non-payment in this case," and on the same day demand was made at the banking-house, where answer was made that the drawees had no funds there, he cannot complain in a suit against him by endorsees, that no sufficient demand had been made: and it was not error in the court to instruct the jury that under the facts of the case there was a substantial demand made, and that the plaintiffs were entitled to recover.

ERROR to the Common Pleas of *Somerset county.*

This was an amicable action of *assumpsit,* entered January 24th 1860, between Thomas T. Mason and Charles E. Robison, partners trading as Robison & Co., plaintiffs, and Edward Scull, endorsee of Ross Forward & Co.

The facts of the case were these :—

On the 10th day of March 1859, Ross Forward & Co. gave the following note :—

"$886.70, March 10th 1859.—Seven months after date, we promise to pay to the order of E. Scull, at the Banking-house of George Ross & Co., Somerset, Pa., $886.70, without defalcation, value received.			Ross FORWARD & Co."

On this note were the following endorsements (the names in italic having been erased.)—Ed. Scull, B. Dilley, Mason & Co.,

[Scull *v.* Mason & Co.]

pay to order of G. D. McGrew, Esq., Cashier, *J. Hockley, Cashier.*
Pay *Tredwell & Schell,* or order, for collection on account of the
Mechanics' Bank of Pittsburgh.     *George D. McGrew.*

At maturity, the note was in the hands of Tredwell & Schell,
bankers.    Some time during the last day of grace, M. Tredwell
called at the bank of George Ross & Co., and demanded payment,
but was informed by the cashier, that neither Ross Forward,
nor Ross Forward & Co., had any funds in bank.    M. Tredwell
then wrote the following endorsement on the note, which was
signed by E. Scull: "I hereby waive *notice of protest* for non-
payment in this case, 13th of October 1859."

On the next day, the notary took the note and made demand
at the banking-house of George Ross & Co., and payment being
refused, duly protested the same and notified the endorsers.

The demand and protest by the notary having been made one
day too late, on the trial of the case plaintiffs called M. Tred-
well, of the firm of Tredwell & Schell, to prove that he had made
a demand for payment of the note on the 13th inst.    Defendant
objected on the ground that as the case stood he was an inte-
rested witness, having failed to perform his duty in regard to
presentation and demand of note, thereby fixing his responsi-
bility over to the previous holders of the note.    This objection
was overruled.

It appeared from the testimony that he did not exhibit the
note, but merely inquired whether Ross Forward had any money
in bank, and said that he had the note, which the cashier testi-
fied he first saw in the hands of the notary on the day fol-
lowing.

On these facts, the defendant contended, that a waiver of
*notice of protest,* before the time of payment was fully past, was
not a waiver of demand, or performance of all acts necessary by
holder, on which to ground a protest.    That the demand, as
made by M. Tredwell, was not a sufficient demand.    And that
the evidence of M. Tredwell and S. W. Pearson being contra-
dictory, it was for the jury to determine which they would
believe.

The court (NILL, P. J.) instructed the jury that the waiver of
*notice of protest* was a waiver of demand, and a sufficient notice
of non-payment.    "That if M. Tredwell had the note with him,"
(although not exhibited at the time he called at the banking-
house of George Ross & Co.,) "its presentation was unnecessary;"
and instructed the jury that the waiver endorsed upon the note
was sufficient of itself to hold the defendant liable, and directed
a verdict for plaintiffs.

There was a verdict and judgment for plaintiffs.    On this writ
the errors assigned were :—

1. The admission of the testimony of M. Tredwell, a witness

[Scull *v.* Mason & Co.]

on part of plaintiffs, to prove that a demand had been made previous to the 4th day after maturity.

2. The answer to defendant's second and third points, viz.: "That the plaintiffs, notwithstanding a waiver of notice of protest, are bound to show affirmatively, that there was a demand made at the banking-house of George Ross & Co., on the last day of grace. That the demand should have been accompanied by the open presentation of the note." Which were answered by saying: "A demand is not necessary where there is a waiver of *notice of protest.* If Mr. Tredwell had the note with him its presentation was unnecessary;" and,

3. The withdrawing of all questions of fact from the jury, and directing them to render a verdict for plaintiffs.

*S. Gaither* and *W. J. Baer,* for plaintiff in error, contended:—1. That M. Tredwell, a member of the firm of Tredwell & Schell, to whom the note had been endorsed for collection, was incompetent as a witness to shift the responsibility of neglecting to have the notes properly protested from the firm whose duty it was to see that the note was properly presented, and payment demanded of the proper parties and at the proper time and place, citing 1 Starkie 112, 114, 116, and Scott *v.* Greer, 10 Barr 103. 2. That a waiver of *notice of protest* was not equivalent to an agreement that no protest need be made—nor presentment or demand expected or required to be made upon the drawer, citing Leonard *v.* Long, 16 Wend. 505; Backus *v.* Shephard, 11 Id. 629; Berkshire Bank *v.* Jones, 6 Mass. 524.

*W. H. Postlethwaite,* for defendant, as to the competency of the witness, relied on Scott *v.* Wells, 6 W. & S. 359; Reid *v.* Stanley, 6 Id. 375; 3 Starke 744; 1 Gr. Ev., § 389, 390; and argued that Scott *v.* Greer was not in point, because the note in this case was presented and demand made at maturity, at the place where Scull by his endorsement promised the maker should or would pay it. He argued further, that the demand on the 13th of October, with protest and notice on the 14th, was in time to bind the endorser: Stephenson *v.* Dickson, 12 Harris 308. As to the waiver, he relied on Day *v.* Ridgeway & Budd, 5 Harris 308.

The opinion of the court was delivered, May 29th 1862, by STRONG, J.—When Tredwell was offered as a witness, there was nothing in the case to show that he was under any liability to the plaintiffs in case of their failure to recover from the defendant. They had not placed the note in his hands for collection. He had not been their agent, and he had therefore no such direct, certain, and immediate interest as to render him incompetent to

testify.    There is nothing, therefore, in the first assignment of error.

The answer of the court to the second and third points of the defendant below, must be considered in reference to the undisputed facts of the case.    On the day the note was matured, Tredwell called with it at the banking-house where it was payable.    Neither Ross Forward, nor the drawers, had then any money there.    The drawers never had.    Tredwell was informed that Forward had no money in bank.    Mr. Scull, the defendant, was then informed that Tredwell had been at the bank with a note, and replied that it was his note.    On the same day he endorsed the note as follows : " I hereby waive notice of protest for non-payment in this case.    E. Scull, October 13th 1859." Let it be, that a waiver of notice of protest will not excuse the holder from making a ·demand, in the face of the undisputed facts in evidence, it was not for the defendant to complain that no sufficient demand had been made.    Beyond the direct evidence of an actual demand, there was the fact that the drawers had no funds in the bank.    It was with these facts in view, and unquestioned, the judge charged the jury, that under the evidence there was substantially a demand made, and instructed them that the plaintiffs were entitled to recover.    This instruction was correct.    If it was not accurate to make the abstract remark, that a demand is not necessary where there is a waiver of notice of protest, it could have done the plaintiff in error no possible harm.

Judgment affirmed.